## ROCKE v. BOGDONOFF.

(Court of Appeals of District of Columbia. Submitted January 18, 1926. Decided February 1, 1926.)

No. 1818.

Patents ⊚⟳106(5)—Right of party to interference proceeding to make contested claims must be challenged by motion to dissolve interference at inception of proceeding.

Party to interference proceeding, desiring to challenge adverse party's right to make contested claims, must do so by motion to dissolve at inception of proceeding, and cannot, after failing to establish priority of invention, assert for first time inability of his opponent to make claims.

Appeal from the Commissioner of Patents.

Interference proceedings between Louis Rocke and Glenn Bogdonoff. From a decision of the Commissioner of Patents for the latter, the former appeals. Affirmed.

C. M. Thomas and F. D. Thomas, both of Washington, D. C., and R. W. Hardie, of New York City, for appellant.

W. G. Henderson, of Washington, D. C., and G. D. Richards, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an interference proceeding, in which the invention relates to an attachment for a two-needle sewing machine to be used in simultaneously attaching both edges of a strip, carrying separable fasteners to a garment. A channel is provided between the work support and the presser foot of a machine of this type. The issue is in two counts as follows:

"(1) In a sewing machine having a feed plate, a presser foot adapted to contact therewith, and a channel plate adjacent said feed plate, means to permit the free unobstructed passage of a tape having separable fastening devices secured thereto between said presser foot and feed plate, said means comprising a channel in said feed plate intermediate the sides of and beneath said presser foot.

"(2) In a sewing machine having a feed plate, a presser foot adapted to contact therewith, and a channel plate adjacent said feed plate, means to permit the free unobstructed passage of a tape having separable fastening devices secured thereto between said presser foot and feed plate, said means comprising a channel in said feed plate, and

means to guide said tape to the feed plate, comprising a channel in alignment with said first mentioned channel located below the top of said channel plate."

Counsel for appellant, Rocke, in his brief describes his invention as follows: "Rocke set out to invent an attachment for simultaneously sewing to garment material both edges of a tape having riveted hooks and eyes secured thereto. * * * When being sewed to a garment, the garment material is placed upon the back of the tape, with the fasteners facing downward. In such position, the face of the tape carrying the fasteners will not lie flush and even with the surface of the feed plate or channel plate, and consequently Rocke formed a channel in his feed plate and channel plate, deep enough for the hooks to pass through, and supported the outer margins of the tape on ledges arranged on opposite sides of the channel, and he covered the channel and ledges with a top plate, making a covered channel with the tape passing under the top plate."

It is unnecessary to consider the facts involved in this case, since appellant, in his notice of appeal from the decision of the Commissioner, makes, among others, the following assignments of error:

"(11) In failing to apprehend and decide that Bogdonoff never at any time invented or originated a device of the counts in issue having a channel plate and a channel located below and covered by the top of a channel plate."

"(17) In failing to consider and hold that the failure of the party, Rocke, to prosecute a motion to dissolve the interference, did not confer upon the Commissioner of Patents the right to issue a patent to Bogdonoff, including count 2 of the issue, on an application that neither describes nor illustrates a device accomplishing the result produced by the device of count 2, concerning which Bogdonoff has never made oath, either in his application or otherwise, that he was the inventor thereof."

It will be observed that nowhere do the claims of the issue call for a covered channel with the tape passing under a top plate. It is unnecessary, however, to consider the question of the inability of either the appellant or the appellee to make these claims, since appellant has waived his right to question appellee's right to make the claims. It is familiar law that a party challenging the right of his opponent to make the contested claims must do so at the inception of the proceeding by motion to dissolve the interference. He will not be allowed to keep silent, and, after failing to establish priority of invention, then, for the first time, assert the inability of his opponent to make the claims. He will not be permitted to thus play fast and loose with the court.

We will not in the present proceeding consider the patentability of appellee's device, or his right to make the claims in issue. That becomes a matter of first impression for the Patent Office, when the present case goes back.

The decision of the Commissioner is affirmed.